### E. F. Bamberger et al. v. John H. Golden.

1. PRACTICE—*Insufficient Affidavit of Merits.*—An affidavit of merits to be used on a motion to set aside a judgment by default which states simply conclusions of law to be drawn from the facts, and not a statement of facts, is not sufficient.

2. APPELLATE COURT PRACTICE—*Where the Question of Excessive Damages Can Not be Raised.*—Where a party in making a motion to have a judgment by default set aside, does not allege as one of the reasons for such action that the damages allowed are excessive, it is doubtful if he can take advantage of such fact on appeal.

Debt, on an appeal bond. Appeal from the Circuit Court of Woodford County; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed February 13, 1901.

ISAAC J. LEVINSON and JOSEPH A. WEIL, attorneys for appellants.

QUINN & QUINN and J. A. RIELY, attorneys for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was an action in debt, on an appeal bond given in a suit before a justice of the peace by E. F. and A. Bamberger and A. B. Kipp, to the appellee, John H. Golden, in a cause in forcible detainer, brought by appellee before said justice against said E. E. and A. Bamberger, for certain hotel property in Minonk, Illinois. Appellee recovered a judgment before the justice of the peace and upon appeal the same judgment was rendered in the Circuit Court.

This suit was commenced to the April term, 1900, of the Circuit Court of Woodford County. The term commenced April 10th, the case was set for trial April 12th, and on April 18th a default was taken against the defendants. Appellants had been duly served with process ten days prior to the first day of court, and on the first day of the term Joseph A. Weil entered his appearance as attorney for them. By the rules of court default could have been taken on April 12th. On April 19th the testimony was taken, no one appearing for defendants, and there was a finding in favor of appellee, his damages being assessed at $1,000. Judgment was entered against the defendants for the amount of the bond, to be discharged upon the payment of $1,000 damages and the costs of suit. On the afternoon of April 19th, after the judgment had been entered, a demurrer signed by Weil as attorney for appellants, was filed. Isaac J. Levinson claims to have been an associate attorney in the case with Weil, and it was his clerk, Nathan Weisz, who filed the demurrer. It is claimed by appellants that the first notice they or their attorneys had of the default and judgment was at the time the demurrer was filed. On April 20th appellants entered their motion to set aside the default and vacate the judgment, for the reasons (1) that appellants had a meritorious defense to said action and (2) because there was an arrange-

ment between Frank J. Quinn, one of the attorneys for appellee, and the attorneys for appellants, by which the latter were to have certain notice before demurrers or pleas should be required to be filed in the cause. The motion was heard on affidavits and counter affidavits and upon consideration by the court was denied. This appeal is prosecuted from the order of court denying the motion.

We think the action of the court in denying the motion should be sustained for the following reasons:

1. The affidavits filed for appellants failed to show a meritorious defense to the action. The Bambergers, who were the defendants in the original suit, and who ought to have known their defense, did not themselves make affidavit. Kipp, their surety on the bond, did file his affidavit, but he states nothing of his own knowledge of the merits of the defense, and the affidavit is mainly taken up with statements said to have been made to him by the Bambergers. The other affidavits are not concerned with the merits of the case, save that of Levinson, who stated that he had thoroughly investigated the facts and was satisfied that the appellants had a just and meritorious defense. This is simply a conclusion of law to be drawn from the facts, and not a statement of facts. Such a statement is not sufficient. Brewing Co. v. Lonergan, 63 Ill App. 28.

2. By his affidavit filed in the case, Levinson alleges that he was informed by Weil that an arrangement had been made with Quinn by which it would be unnecessary for the affiant to be present on the 18th day of April, or to file demurrers or pleas until Quinn should receive notice from his associate attorney, as to when said cause should be heard; that on the 18th day of April, Quinn called at affiant's office and informed affiant in the presence of the latter's clerk, Weisz, that "it would not be necessary for affiant to file any pleas in said cause nor to go to Eureka on that day." The clerk, Weisz, also made affidavit corroborating the statement of Levinson as to the latter conversation. Weil, the attorney of record, made no affidavit in the case. Quinn made affidavit denying the making of the

agreement relied upon and giving his version of the conversation with Levinson, in which he states, among other things, that Levinson said he was not going over to Eureka unless they wired him to come, and that he did not propose to do another thing in the case until he got some money. The court considered these affidavits and we can not say that it was an abuse of discretion for it to find, as it did, that there was no agreement justifying the vacation of the judgment.

3.   Appellants insist in their argument as another reason why the judgment should be reversed and remanded that the testimony taken in the case clearly shows that the damages allowed are excessive.   They do not, however, in their motion or affidavits in support thereof, ask to have the judgment vacated for the reason that the damages were excessive, nor do they seek to have the damages re-assessed. It is therefore very doubtful whether they could now take advantage of that fact if it existed.   We have, however, considered the evidence offered upon the subject of damages, and while there may have been some doubtful items of small amount among those testified to, yet those proven, about which there was no doubt, exceeded the amount of the judgment, and the latter was therefore not excessive. The judgment of the court below is accordingly affirmed.